IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MANDY POWRZANAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO._____ |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| JONES UTILITY AND CONTRACTING ) | |
| CO., INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiff, Mandy Powrzanas ("Plaintiff"), a former employee of Jones Utility and Contracting Co., Inc. ("Defendant"), seeks declaratory and injunctive relief, compensatory damages, back pay, and front pay from Defendant arising from Defendant's violation of rights guaranteed to plaintiff under The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et. seq.

### STATEMENT OF JURISDICTION

2. This is a suit authorized and instituted pursuant to The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et. seq.

3. This Court has original jurisdiction, pursuant to 28 U.S.C. § 1331, as this civil action arises under the laws of the United States cited above.

4. Venue is proper in this district, pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to the claim occurred in Jefferson County, Alabama located in this judicial district.

1

## STATEMENT OF PARTIES

5. Plaintiff is an adult resident of this Judicial District and Division and suffers from Fibromyalgia, a disorder characterized by widespread musculoskeletal pain accompanied by fatigue, sleep, and memory issues.

6. Defendant, Jones Utility and Contracting Co., Inc. ("Defendant"), is a corporation organized and existing under the law of the State of Alabama and is an employer within the meaning of The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et. seq. Defendant is doing business within this District and Division.

7. Plaintiff's father, Richard Jones, is the owner and manager of Jones Utility and Contracting Co., Inc.

## STATEMENT OF FACTS

8. On or about September 2006, Plaintiff began working for Defendant, Jones Utility and Contracting Co., Inc.

9. On or about January 2015, Plaintiff was diagnosed with Fibromyalgia.

10. On or about November 25, 2015, the relationship at work between Plaintiff and Richard Jones became a chaotic nightmare, resulting in daily arguments.

11. On or about January 4, 2016, Plaintiff returned to work following the Christmas break and the work environment continued to decline.

12. On or about January 4, 2016 through February 12, 2016, Plaintiff was treated abusively at work on a regular basis by Richard Jones. Plaintiff was regularly subjected to swearing, false accusations of workplace errors, and threats of termination by Richard Jones.

13. On or about February 12, 2016, Plaintiff terminated her employment with Defendant due to the continued abusive hostile work environment.

14. On or about February 13, 2016, because of Plaintiff terminating her employment, Richard Jones threatened to kill himself while at the Birmingham World of Wheels show. Plaintiff called Richard Jones and agreed to come back to work in an attempt to calm him down.

15. On or about February 14, 2016, Plaintiff returned to work for Defendant.

16. On or about February 15, 2016, Plaintiff discussed with Richard Jones the negative effects the hostile work environment was having on her condition. During this discussion, Richard Jones put a gun in his mouth stating that the Plaintiff was causing him to do so and also stating that he "hopes it blows my fucking head off" and that Plaintiff "would have to live with it".

17. On or about March 2, 2016, while at lunch at Buffalo Wild Wings, Richard Jones became angry with Plaintiff. Richard Jones began yelling and swearing at Plaintiff at Buffalo Wild Wings, inside the restaurant and outside in the parking lot. Richard Jones became so enraged at Plaintiff, he threw his leftovers on cars in the parking lot of the Buffalo Wild Wings.

18. On or about March 2, 2016, Richard Jones told another employee of Defendant that he "was going to beat her ass", referring to Plaintiff. That same evening, the coworker called the Plaintiff to warn her.

19. On or about March 3, 2016, Plaintiff terminated her employment with Defendant.

20. On August 24, 2016, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission based on her disability. (See Exhibit A).

21. On March 14, 2017, Plaintiff received a Notice of Right to Sue letter from the U.S. Equal Employment Opportunity Commission. (See Exhibit B).

22. This complaint has been filed within 90 days of Plaintiffs' receipt of the notification of Right to Sue letter from the U.S. Equal Employment Opportunity Commission.

### COUNT I
### DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12101 et. seq., AS AMENDED

23. The Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq., prohibits discrimination against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

24. Plaintiff suffers from Fibromyalgia, a disability that is a physical and/or mental impairment that substantially limits one or more major life activities of Plaintiff, as defined in The Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq.

25. From on or about January 4, 2016 to March 2, 2016, Defendant subjected Plaintiff to continual harassment and hostile work environment by swearing at Plaintiff, falsely accusing Plaintiff of workplace errors, and threating to terminate Plaintiff by Richard Jones that exacerbated her disability and constructively forced Plaintiff to terminate her employment, despite Defendant's knowledge of Plaintiff's disability.

26. Defendant refused to make reasonable accommodations to the known physical and/or mental limitations of Plaintiff.

27. Defendant has discriminated against Plaintiff in the advancement, terms, conditions, and privileges of her employment on the basis of her disability in violation of The Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq.

## COUNT II
## RETALIATION IN VIOALTION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12203 et. seq., AS AMENDED

28. The Americans with Disabilities Act, 42 U.S.C. § 12203 et. seq., prohibits discrimination against any individual because such individual has opposed any act or practice made unlawful by this chapter.

29. Defendant retaliated against Plaintiff because Plaintiff took steps to enforce her lawful rights under The Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq.

30. On or about February 15, 2016, Plaintiff informed Defendant that the harassment, abusive conditions at work, and hostile work environment was having a significantly negative effect on Plaintiff due to her disability. Defendant subjected Plaintiff to continual harassment and hostile work environment by placing a gun in his mouth during a meeting stating that the Plaintiff was causing him to do so and also stating that he "hopes it blows my fucking head off" and that Plaintiff "would have to live with it", swearing at Plaintiff, falsely accusing Plaintiff of workplace errors, and threats of termination by Richard Jones that constructively forced Plaintiff to terminate her employment, despite knowledge of Plaintiff's disability and Plaintiff's opposition to Defendant's practices.

31. On or about March 2, 2016, Defendant's offensive treatment and abusive language towards Plaintiff at Buffalo Wild Wings exacerbated Plaintiff's disability and constructively forced Plaintiff to terminate her employment.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief after a trial by jury:

A. Grant Plaintiff a declaratory judgment that the practices complained of herein are violative of the provisions of The Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. and the amendments thereto;

B. Grant Plaintiff an order enjoining Defendants and all persons acting in concert with Defendants from engaging in discriminatory and retaliatory employment practices;

C. Grant Plaintiff the appropriate amounts of back-pay, interest, benefits, damages, pay raises with back pay, and reinstatement to the job position from which he was discriminatorily denied and/or demoted, or in the alternative, front pay;

D. Grant Plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress;

E. Award Plaintiff his costs and expenses, including an award of reasonable attorney's fees; and,

F. Award such other relief as may be appropriate.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL CLAIMS TRIABLE.**

Respectfully Submitted,

/s/ Scott Morro
Scott Morro (ASB-4954-C30M)
Attorney for Plaintiff
Morro Law Center, LLC
P.O. Box 1644
Gardendale, AL 35071
Telephone: (205)631-6301
Fax: (205) 631-6302
morrowlawcenter@bellsouth.net

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL**